SCHMIDT v. LIVINGSTON.

---

Specific fperformance is not to be compelled, where there has been accident, mistake or fraud.

Where a lot is sold and supposed by both parties to be of certain dimensions and found afterwards to be more than as large again, specific performance will not be compelled.

---

BILL, for specific performance of an agreement after the sale of real estate, filed by vendee against vendor.

The complainant had become the purchaser of five lots of ground at auction. The advertisement of sale did not describe their dimensions, but reference was made to their being Bloomingdale lots on the Depeyster Tract. A lithographic map used at the sale gave their numbers—45, 46, 92, 93 and 237—but not their admeasurement. They were struck off at eighty-five dollars a lot. Deposit money was paid. It appeared by the defendant's answer, that both parties had been under the impression that the lots were about the usual width of city lots, namely, twenty-five feet each. A deed had been made out and tendered. It was refused by the complainant because it did not specify the dimensions of the premises. The answer stated that, in tendering this deed, "the complainant himself observed that he had supposed the said lots Nos. 45 and 46 contained twenty-five feet and if the complainant would specify those dimensions and also the dimensions of the other lots as expressed on the said lithographic map, he would accept the deed; that this defendant and his counsel offered to express all the dimensions of said lots, so far as the same were expressed

HARVARD LAW SCHOOL LIBRARY

or represented on the said lithographic map used at the auction sale or so far as the same appeared or were represented on the map made by J. F. Bridges and referred to in the deed from David Codwise to this defendant; but, as the dimensions of the said lots Nos. 45 and 46 did not appear and were not expressed on either of the said maps, the complainant and his counsel refused to accept the deed exhibited to them or any other deed in which the dimensions of the said lots, Nos. 45 and 46 were not stated and expressed; and that no other objection was made to the deed offered." The defendant suggested this to have amounted to an abandonment; and he went on, in his answer, to show, that since then it was for the first time ascertained that lot 45 contained more than double the quantity of ground it was understood to contain at the time of the complainant's purchase at auction, and it was only then that the complainant insisted upon specific-performance.

Mr. *A. L. Robertson,* for the complainant.

Mr. *D. D. Field,* for the defendant.

*March* 12.     THE VICE-CHANCELLOR :—This court does not interfere to compel a specific performance, where, from any circumstances of accident, mistake or fraud attending the making of the contract, it would be inequitable and unjust to exact a performance. The principle on which this court withholds its aid in such cases is shown in *Clowes* v. *Higginson,* 1 Ves. and Beames, 524, and in the cases there cited.

The facts disclosed in the bill and answer (and the latter, although replied to, is, to a considerable extent, evidence, at any rate, where not disproved) appear to me to bring the present within the above case of *Clowes* v. *Higginson,* in respect to the mistake in the description and contents of one of the lots. The defendant did not intend to sell a lot, except it lay within parallel lines and about the width of twenty-five feet; and it was such a lot as the complainant must be supposed to have purchased, since the lithographic map used at the sale delineated the lots to be sold in no other way. To carry into effect a sale embracing the lot No. 45, as it is now found to exist on the map of the "*Depeyster Tract,*" would be to effectuate what

the parties did not intend and to execute an agreement to an extent never made. Besides, the complainant has once rejected and repudiated the deed offered to him by the defendant and must be deemed to have abandoned the purchase. After having discovered the important secret as to the dimensions of lot No. 45 on the original map, he has no right to resume it and compel the delivery of the deed. The case of *Clowes* v. *Higginson* is a sufficient authority for denying this relief; and following that case as a precedent, the bill must be dismissed, but without costs and without prejudice to the complainant's rights at law to recover his deposit of the auctioneer and the money paid to the defendant on account, which, by his answer, the latter shows he was willing and offered to refund, with interest.